IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

FILED

2007 MAY 31 A 10: 54

U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY ____ DEPT. CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 1:07-cv-124 Mattice/Lee |
| v. | |
| RHEA EMERGENCY MEDICAL OPERATING SERVICE, INC. formerly d/b/a RHEA AMBULANCE SERVICE, LLC, | **COMPLAINT** |
| Defendant | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex and retaliation for opposing practices made unlawful by Title VII, and to provide appropriate relief to three female employees who Defendant Employer subjected to unlawful sexual harassment because of their sex and discharged them for not cooperating with the unlawful sexual harassment and for opposing the unlawful sexual harassment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Rhea Emergency Medical Operating Service Inc., formerly doing business as Rhea Ambulance Service, LLC (Defendant Employer) has continuously been a Tennessee corporation doing business in the state of Tennessee and the city of Dayton, and has continuously had at least fifteen employees.

5. At all relevant times Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately August 21, 2004, Defendant Employer has engaged in unlawful employment practices at its Dayton, Tennessee facilities in

violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 3(a). The unlawful employment practices involved subjecting Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas to sexual harassment because of their sex, and discharging them for not cooperating with the unlawful sexual harassment and for opposing the unlawful sexual harassment.

8. Paulena Pendleton was sixteen and seventeen years old when the unlawful sexual harassment occurred.

9. The unlawful sexual harassment included frequent requests for sexual conduct and other unwelcome sexual comments to all three of the women by both of the company's male owners. The illegal conduct also included unwelcome touching and other unwelcome sexual conduct by the owner and by male employees with the owners' knowledge.

10. When the three women did not cooperate with the sexual conduct and complained about it, they were fired.

11. The effect of the practices complained of in paragraphs 7 through 10 above has been to deprive Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and because of their opposition to practices made unlawful by Title VII.

12. The unlawful employment practices complained of in paragraphs 7 through 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 7

3

through 10 above were done with malice and/or with reckless indifference to the federally protected rights of Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas.

## PRAYER FOR RELIEF

Therefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against employees because of their sex or because of their opposition to practices made unlawful by Title VII;

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and employees who oppose practices made unlawful by Title VII, and which eradicate the effects of Defendant Employer's unlawful employment practices described in paragraph 8 above;

C. Order Defendant Employer to make whole Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement;

D. Order Defendant Employer to make whole Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas by providing compensation for past and future

4

pecuniary losses resulting from the unlawful employment practices, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas by providing compensation for nonpecuniary losses resulting from the unlawful employment practices, including emotional and psychological pain and suffering, in amounts to be determined at trial;

F.  Order Defendant Employer to pay Patsy Linebarger Pendleton, Paulena Pendleton, and Billie Thomas punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*(signature)*

**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

5

*Terry Beck*
**TERRY BECK**
Supervisory Trial Attorney
Tennessee Bar No. 009346

*Carson L. Owen*
**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 621
Memphis, Tennessee 38104
Telephone: (901) 544-0133

6